IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL SHELLY BAKER,

    Plaintiff,

v.

SHERIFF E. NEAL JUMP; DR. JEFFREY GUNDERSON; JUDY LOWE, Jail Administrator; TAMIA BROOKS; TOWANDA HALL; and DARLENE JURAN,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-37

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Baldwin State Prison in Hardwick, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at the Glynn County Detention Center in Brunswick, Georgia. (Doc. 1.)[1] For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities and **DISMISS** Plaintiff's claims against Defendants Neal Jump and Judy Lowe. However, the Court will allow Plaintiff's claims to proceed against Defendants Jeffrey Gunderson, Tamia Brooks, Towanda Hall, and Darlene Juran. The Court **DIRECTS** the United States Marshal to serve Defendants Gunderson, Brooks, Hall, and Juran with Plaintiff's Complaint, (doc. 1), and this Order. Additionally, the Court provides instructions to the parties regarding the litigation of this case which they are urged to read carefully and follow.

---

[1] Plaintiff submitted his Complaint on March 11, 2016. (Doc. 1.) However, given Plaintiff's changes of address, he only submitted his Consent to Collection of Fees and Prison Trust Fund Account Statement on July 15, 2016. (Docs. 11, 12.) Thus, the matter is only recently ripe for frivolity review.

## BACKGROUND[2]

Plaintiff submitted this Complaint regarding the conditions of his confinement while housed at Glynn County Detention Center during February and March of 2016. (Doc. 1-3, pp. 5–6.) It appears that Plaintiff was a pretrial detainee at that time. Id. Plaintiff alleges that, on February 11, 2016, at 9:45 a.m., while in the Detention Center's medical unit, he fell in his own urine due to his having a fractured left elbow and a broken left hip socket. (Id. at p. 6.) Plaintiff cried out for help. Id. However, Defendants Towanda Hall, Dr. Jeffrey Gunderson, Darlene Juran, and Tamia Brooks refused to help him for an hour and ten minutes. Id. During that time, those Defendants told Plaintiff that they saw him lying on the ground, and they ordered him to get up. Id. Eventually, medical staff moved Plaintiff to a bed, and Defendant Gunderson examined his injuries. Id. Then, emergency medical technicians transferred Plaintiff to Southeast Georgia Health System. Id. Plaintiff's injuries were too severe to be treated at Southeast Georgia Health System, and he was transferred to Memorial Hospital in Savannah, Georgia. Id. It appears Plaintiff had some surgery at Memorial, and he remained at that hospital until February 15, 2016, when he was returned to the Glynn County Detention Center.

On March 2, 2016, at 6:45 p.m., Plaintiff told Officer Terrell that he was in severe pain. Id. On that date, Plaintiff attempted to get his drink off of the restroom table. He slipped and hurt his hip, back, neck, and left elbow. Id. A medical emergency was called, and Lieutenant Wooten, Sergeant Rozier, Officer Terrell, and Nurse Johnson saw Plaintiff lying on the floor. (Id. at pp. 4–5.) Nurse Johnson examined Plaintiff and then called emergency medical services for Plaintiff. (Id. at p. 5.) Emergency medical technicians again transported Plaintiff to Southeast Georgia Health System. Physicians and nurses examined Plaintiff at the hospital and

---

[2] The following facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

discharged him with a left arm sling and prescription pain medication. Id. Plaintiff was then taken back to the Detention Center.

Two days later, on March 4, 2016, Plaintiff went to his preliminary hearing. Id. Before Plaintiff left for the hearing, Defendant Hall, Ms. Franks, Major Heath, and Sergeant Neaves claimed that Dr. Gunderson said that Plaintiff did not need an arm sling. Id. Then, Defendant Hall, Ms. Franks, Major Heath, and Sergeant Neaves used physical force to remove the arm sling from Plaintiff's arm. Id. These actions caused Plaintiff more physical pain. Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.   Dismissal of Plaintiff's Claims for Monetary Damages Against Defendants in Their Official Capacities**

The Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacities. Traditional principles of state sovereignty and the Eleventh Amendment immunize states from private suits, and Section 1983 does not abrogate that immunity without the state's consent. Alden v. Maine, 527 U.S. 706, 712–13 (1999); Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," immunity also extends to the state officer. Will, 491 U.S. at 71. Furthermore, it is well-settled law that sheriffs and members of sheriffs' department acting in a law enforcement capacity are acting on behalf of the state. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003); Grech v. Clayton Cty., 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer[.]"). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state–not as county officials . . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors . . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113–176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13–CV–105 HL, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06–CV–33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox,

5

No. 3:06–cv–29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)). In this case, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Sheriff's Department operating Glynn County Detention Center.

Even if the county runs the Detention Center and the officer defendants are employees of Glynn County and not the Sheriff's Department, immunity would still apply because the claims would be against the county itself. Lassiter v. Ala. A&M Univ., 3 F.3d 1482, 1485 (11th Cir. 1993) ("Official capacity actions seeking damages are deemed to be against the entity of which the officer is an agent."). Glynn County would only be liable under a Section 1983 claim if it "instituted or tacitly approved a policy that violated constitutional rights." Telfair v. Gilberg, 868 F. Supp. 1396, 1404 (S.D. Ga. 1994). Plaintiff has not alleged that Glynn County enacted a policy for alleged unconstitutional conditions at the Glynn County Detention Center related to his claims, and he does not name Glynn County as a party in this suit.

Absent a waiver of Eleventh Amendment immunity by Georgia, Plaintiff cannot sustain any monetary relief claims against Defendants in their official capacities. For these reasons, the Court should **DISMISS** Plaintiff's monetary relief claims against Defendants in their official capacities.

## II.   Dismissal of Plaintiff's Claims Against Sheriff Jump and Administrator Lowe

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[3] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged

---

[3] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir.1992).

violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff wishes to hold Defendant Jump liable based solely on his position as the Sheriff of Glynn County and Defendant Lowe liable based on her position as Jail Administrator. Plaintiff's statement of claim does not even mention Jump or Lowe, much less establish how these Defendants were involved in the other Defendants' alleged actions. Consequently, Plaintiff has not established that Defendants Jump and Lowe had any personal involvement in the violations of Plaintiff's constitutional rights or that there is any causal connection between their conduct and the violations. Thus, the Court should **DISMISS** Plaintiff's claims against Defendants Jump and Lowe.

### III. Plaintiff's Denial of Medical Care and Deliberate Indifference Claims

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff does not cite any constitutional provision that he claims Defendants violated. However, pretrial detainees' rights exist under the Due Process Clause of the Fourteenth

Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment, which applies to convicted prisoners. Morrison v. City of Atlanta, 614 F. App'x 445, 448–49 (11th Cir. 2015). Prior to the United States Supreme Court's recent decision in Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466 (Aug. 11, 2015), it was well-settled in the Eleventh Circuit that the same standards applied to a denial of adequate medical care claim brought by a pretrial detainee under the Due Process Clause as a claim brought by a convicted prisoner under the Eighth Amendment. Morrison, 614 F. App'x at 448–49. However, in Kingsley, an excessive force case, the Supreme Court rejected the defendant officers' application of a subjective standard and reliance upon a pair of Eighth Amendment decisions. ___ U.S. at ___, 135 S. Ct. at 2475. The Court noted that the language of the Cruel and Unusual Punishment Clause "differs" from the Due Process Clause and that "pretrial detainees (unlike convicted prisoners) cannot be punished at all[.]" Id. Since the Supreme Court decided Kingsley, lower courts have struggled with the question of whether Eighth Amendment standards apply to a pretrial detainee's claim of inadequate medical care. See, e.g., Johnson v. Clafton, No. 13-14922, 2015 WL 5729080, at *4 (E.D. Mich. Sept. 30, 2015) ("After Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause."); Saetrum v. Raney, No. CIV. 1:13–425 WBS, 2015 WL 4730293, at *11 (D. Idaho Aug. 7, 2015) ("[Kingsley] calls into question whether it is appropriate to borrow the Eighth Amendment standard when the claim is brought by an arrestee, not a convicted prisoner, and whether the Due Process Clause may afford greater protection than the Eighth Amendment.").

The Court need not resolve these questions in this case. Regardless of the application of a subjective or objective standard, Plaintiff has plausibly stated that Defendants Gunderson,

8

Brooks, Hall, and Juran failed to provide Plaintiff medical care and were deliberately indifferent to his health and safety. Plaintiff contends that, on February 11, 2016, all of these Defendants allowed Plaintiff to lie on the floor in his own urine while Plaintiff was in intense pain for over an hour. It appears that Plaintiff suffered from a serious medical need during this time, as he states he had a broken hip and fractured elbow. (Doc. 1-3, p. 6.) Further, his injuries required treatment at two hospitals and surgery. Additionally, as to Defendant Hall, Plaintiff claims that she was deliberately indifferent to Plaintiff's serious medical conditions on March 4, 2016, by forcibly removing his sling from his shoulder causing Plaintiff increased pain and injury. Thus, accepting Plaintiff's allegations as true, as it must at this stage, the Court finds that Plaintiff has stated plausible claims against Defendants Gunderson, Brooks, Hall, and Juran.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities and **DISMISS** Plaintiff's claims against Defendants Jump and Lowe. However, Plaintiff's claims against Defendants Gunderson, Brooks, Hall, and Juran shall proceed.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## **REMAINING CLAIMS AND DEFENDANTS**

As stated above, Plaintiff's allegations in his Complaint arguably state colorable claims against Defendants Gunderson, Brooks, Hall, and Juran under 42 U.S.C. § 1983 and the Fourteenth Amendment. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of

personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or his counsel. Fed. R. Civ. P. 5. "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff

proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is

incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual

assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of August, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA