# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MICHAEL SHELLY BAKER, JR.,

    Plaintiff,

v.

DR. JEFFREY GUNDERSON; TAMMY BROOKS; TAIWANA HALL; and DONNICE JURAN,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-37

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are Plaintiff's Motion to Amend Complaint and Motion to Amend or Add Parties. (Docs. 32, 33.) Defendants Brooks, Hall, and Juran filed a Response. (Doc. 35.) For the reasons which follow, the Court **GRANTS** Plaintiff's Motion to Amend Complaint, (doc. 32), and **DENIES** Plaintiff's Motion to Amend or Add Parties, (doc. 33). The Court **DIRECTS** the Clerk of Court to file Plaintiff's "Petition of Complaint and Claim", (doc. 32-1), as Plaintiff's "First Supplemental Complaint" upon the docket of this case.[1] In addition, I **RECOMMEND** the Court **DISMISS as moot** the Motion to Dismiss filed by Defendants Brooks, Hall, and Juran (doc. 26).

---

[1] An amended complaint ordinarily supersedes the initial complaint and becomes the operative pleading in a case. However, in this case, Plaintiff's desired amendment only includes his monetary damages request. This amendment does not include Plaintiff's factual allegations against the named Defendants. Thus, while Plaintiff attempts to buttress his claims against Defendants through his proposed Amended Complaint, he may unwittingly forfeit his factual claims against Defendants. Moreover, "[t]he law generally favors the consideration of all potential claims under one complaint." Little v. Groome Transp. of Georgia, Inc., No. CIV.A 1:07-CV-0455-J, 2008 WL 4280362, at *3 (N.D. Ga. Sept. 15, 2008). Thus, it is more appropriate to consider Plaintiff's desired amendment as a supplement to Plaintiff's Complaint rather than as his Amended Complaint.

**BACKGROUND**

In his Complaint, Plaintiff alleged Defendants were deliberately indifferent to his serious medical needs and safety while he was a pretrial detainee at the Glynn County Detention Center in Brunswick, Georgia, in February and March 2016. Specifically, Plaintiff asserted he fell in his own urine while he was in the medical unit because his left elbow and hip socket were broken, and Defendants refused to help Plaintiff for more than an hour, despite his cries for help. (Doc. 1, pp. 5–6.) Defendant Gunderson eventually examined Plaintiff's injuries, and Plaintiff was transferred to Southeast Georgia Health System and then to Memorial Hospital in Savannah, Georgia, due to the severity of his injuries. (Id. at p. 6.)

Approximately two and a half weeks after Plaintiff's return to the Glynn County Detention Center, Plaintiff slipped while trying to get his drink off of a table and hurt his hip, back, neck, and left elbow. Nurse Johnson examined Plaintiff, and he was once again transported to Southeast Georgia Health System. Medical personnel at the hospital examined Plaintiff and discharged him with a left arm sling and prescription pain medication. (Id. at p. 5.)

Two days later, Plaintiff attended his preliminary hearing. Defendant Hall, Ms. Franks, Major Heath, and Sergeant Neaves claimed that Defendant Gunderson told them Plaintiff did not need an arm sling. Defendant Hall, Ms. Franks, Major Heath, and Sergeant Neaves then used physical force to remove the sling from Plaintiff's arm, causing Plaintiff more physical pain. (Id.) On August 23, 2016,the Court ordered service of Plaintiff's Complaint upon Defendants. (Doc. 16.)

Defendant Gunderson filed an Answer and Counterclaim to Plaintiff's Complaint. (Doc. 19.) The Court issued a Scheduling Notice on September 30, 2016, and advised the parties that amended pleadings were due no later than November 28, 2016. (Doc. 21.) Defendants

Brooks, Hall, and Juran filed a Motion to Dismiss and their Answer on November 8, 2016. (Docs. 26, 27.) Plaintiff then filed his Motions to Amend on November 18 and 28, 2016. (Docs. 32, 33.)

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f).[2] Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473. However, the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

---

[2] The Eleventh Circuit Court of Appeals has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint does not deprive Plaintiff of his right to amend. Id.

3

**DISCUSSION**

I.     **Plaintiff's Motion to Amend (Doc. 32)**

Plaintiff contends he is seeking $250,000.00 in monetary damages in this case as recovery for his medical care costs, court fees, and expenses. (Doc. 32.) Defendants Brooks, Hall, and Juran do not oppose Plaintiff's Motion to Amend, as Plaintiff is proceeding *pro se* and perhaps did not realize he needed to specify that he is seeking monetary damages in his original Complaint. (Doc. 35, p. 2.) However, these Defendants maintain Plaintiff's amendment does not affect their Motion to Dismiss because they moved to dismiss Plaintiff's equitable relief claims against them.

Plaintiff filed his Motion to Amend within twenty-one (21) days of the filing of Defendants' responsive pleadings, and he can amend as a matter of right. Thus, the Court **GRANTS** Plaintiff's Motion to Amend, and Plaintiff now seeks monetary damages against Defendants. Defendants Brooks, Hall, and Juran have no opposition to this amendment, and Defendant Gunderson failed to object to Plaintiff's desired amendment. Additionally, the Court finds this amendment will avoid piecemeal litigation by allowing Plaintiff to seek all forms of relief against Defendants in one cause of action.[3] However, Plaintiff's desired amendment does have an effect on Defendants' Motion to Dismiss, to which the Court now turns.

II.    **Motion to Dismiss Filed by Defendants Brooks, Hall, and Juran (Doc. 26)**

In their Motion, Defendants Brooks, Hall, and Juran assert Plaintiff seeks only equitable relief. (Doc. 26, p. 5.) These Defendants note that, because all Plaintiff seeks is injunctive relief

---

[3] Because Plaintiff filed his Motion to Amend within twenty-one days of the filing of the responsive pleadings Defendants Brooks, Hall, and Juran filed, he need not have filed a motion with the Court. However, Defendant Gunderson filed his Answer on September 30, 2016, and, out of an abundance of caution, the Court will consider Plaintiff's Motion to have been made pursuant to Rule 15(a)(2) since Plaintiff's Supplemental Complaint encompasses relief sought against all Defendants, including Defendant Gunderson.

against them and because Plaintiff is no longer housed at the Glynn County Detention Center, his claims against Defendants are moot and should be dismissed in their entirety. (Id.) Nevertheless, Plaintiff's Supplemental Complaint adds monetary damages claims against all Defendants, and thus, his claims are no longer mooted in their entirety. Generally, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). However, when a plaintiff's subsequent complaint refers to, adopts, or incorporates the plaintiff's original complaint, "it cannot be said that the subsequent complaint[ ] superceded (sic) the original complaint." Hall v. Louisiana, Civil Action NO. 12-00657-BAJ-RLB, 2014 WL 1431671, at *2 (M.D. La. Apr. 14, 2014) (citing Stewart v. City of Houston Police Dep't, 372 F. App'x 475, 478 (5th Cir. 2010)). In his Motion, Plaintiff states he "prays this Honorable Court renew" his Complaint against Defendants' Motion to Dismiss. (Doc. 33.) Thus, it is appropriate for the Court to deem Plaintiff's desired amendment to be his Supplemental Complaint.

Plaintiff's Supplemental Complaint, together with his original Complaint, is now the operative pleading in this case and moots Defendants' Motion to Dismiss the original Complaint. See Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action, Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); DeSisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)). Moreover, the Supplemental Complaint's request for monetary relief nullifies Defendants' basis for dismissal—that Plaintiff only seeks injunctive relief. Consequently, the Court should **DISMISS as moot** the Motion to Dismiss Defendants Booth, Hall, and Juran filed.

Should these Defendants choose to re-urge their arguments in favor of dismissal of Plaintiff's equitable relief claims or on any other basis, they may do so by filing a dispositive motion within **twenty-one (21) days** of this Order.[4]

### III. Plaintiff's Motion to Amend or Add Parties (Doc. 33)

Plaintiff wishes to further amend his Complaint by adding as Defendants eight (8) individuals he claims were witnesses to the events described in his original Complaint. Plaintiff also wishes to add as a Defendant the attorney for Defendants Brooks, Hall, and Juran because Plaintiff did not receive these Defendants' Answer and Motion to Dismiss until seven (7) days after these pleadings were mailed to him. (Doc. 33.) Defendants Brooks, Hall, and Juran assert this desired amendment should be denied because his amendment is futile. (Doc. 35, p. 2.)

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). To state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff

---

[4] The Court notes the deadline to file motions was March 19, 2017. (Doc. 21.) The Court will entertain any motion for extension of time counsel wishes to file.

must allege that the act or omission was committed by "a person acting under color of state law." Id.

The Court **DENIES** Plaintiff's Motion to Amend or Add Parties because Plaintiff's desired amendment would be futile. Plaintiff wishes to amend his Complaint by adding as Defendants eight (8) individuals he claims witnessed the events described in his original Complaint. In addition, Plaintiff seeks to name as a Defendant the attorney for Defendants Brooks, Hall, and Juran because it took a week for the responsive pleadings she filed to reach Plaintiff. However, the eight (8) witnesses to the events Plaintiff described in his original Complaint are just that—witnesses. Moreover, these individuals cannot be named as Defendants, as Plaintiff has made no factual allegations against these individuals, let alone any allegations which indicate these individuals violated Plaintiff's constitutional rights. Additionally, Defendants' attorney is not a state actor and cannot be held liable for any alleged violation of Plaintiff's constitutional rights due to his receipt of counsel's pleadings a week after she filed these pleadings. See Moore v. Jason A. Craig & Assocs., Attorney at Law, No. 6:07CV3-BAE-JEG, 2007 WL 2376288, at *1 (S.D. Ga. Aug. 15, 2007) (noting that private attorneys are not state actors for purposes of Section 1983 liability).

In short, even if the Court accepts Plaintiff's allegations against these nine (9) individuals as true, he fails to allege that these individuals violated his constitutional rights while acting under color of state law. Thus, Plaintiff does not state a viable Section 1983 claim against them.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion to Amend Complaint, (doc. 32), and **DENIES** Plaintiff's Motion to Amend or Add Parties, (doc. 33). The Court **DIRECTS** the Clerk of Court to file Plaintiff's "Petition of Complaint and Claim",

(doc. 32-1), as Plaintiff's "First Supplemental Complaint" upon the docket of this case. In addition, I **RECOMMEND** the Court **DISMISS as moot** Defendants Brooks, Hall, and Juran's Motion to Dismiss.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA