# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

MICHAEL SHELLY BAKER, JR.,           *
                                      *
        Plaintiff,                 *      CIVIL ACTION NO.: 2:16-cv-37
                                      *
    v.                             *
                                      *
DR. JEFFREY GUNDERSON; TAMMY     *
BROOKS; TAIWANA HALL; and         *
DONNICE JURAN,                   *
                                      *
        Defendants.               *

## ORDER

Presently before the Court are Plaintiff's Motion for Reconsideration of the Court's Order dated May 26, 2017, and Motion for Appointment of Counsel, dkt. no. 47, and his Objections to the Magistrate Judge's Reports and Recommendations of February 23, 2018, dkt. no. 70. For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Reconsideration and Motion for Appointment of Counsel and **OVERRULES** Plaintiff's Objections. In addition, the Court **DISMISSES as moot** all other pending Motions. The Court **GRANTS** the unopposed Motions

for Summary Judgment filed by Defendants Brooks, Hall, and Juran, dkt. no 57, and Defendant Gunderson , dkt. no. 60, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.

## I. Plaintiff's Motion for Reconsideration (Dkt. No. 47)

Defendants Brooks, Hall, and Juran filed a Motion to Dismiss on November 8, 2016. Dkt. No. 26. Plaintiff subsequently filed a Motion to Amend Complaint and a Motion to Amend or Add Parties, dkt. nos. 32, 33. By Order and Report and Recommendation dated March 24, 2017, the Magistrate Judge granted Plaintiff's Motion to Amend Complaint but denied Plaintiff's Motion to Amend or Add Parties. Dkt. No. 43, pp. 3-4, 6-7. As a result of this approved amendment, the Magistrate Judge recommended the Court dismiss as moot the Motion to Dismiss Defendants Brooks, Hall, and Juran filed. Id. at pp. 4-6. The Court adopted this recommendation as the opinion of the Court on May 26, 2017. Dkt. No. 45. In response, Plaintiff filed a "Petition of Concern", which was docketed as a Motion for Reconsideration of this Court's May 26, 2017, Order, as well as a Motion for Appointment of Counsel. Dkt. No. 47.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be

employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly-discovered evidence in support of his claims, nor does he allege this Court's previously-entered Order represents a manifest error of law or fact. In fact, Plaintiff offers no reason for the Court to reconsider its previously-entered Order dismissing as moot Defendants Brooks, Hall, and Juran's Motion to Dismiss. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order dated May 26, 2017, remains the Order of the Court.

AO 72A
(Rev. 8/82)

## II. Plaintiff's Motion for Appointment of Counsel (Dkt. No. 47)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

AO 72A
(Rev. 8/82)

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; and Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, the Court **DENIES** Plaintiff's Motion.

### III. Plaintiff's Objections to the February 23, 2018, Reports and Recommendations (Dkt. No. 70)

In his Objections, Plaintiff makes the same assertions and requests the same relief as he has in previously-filed

AO 72A
(Rev. 8/82)

pleadings. Dkt. No. 70. However, nothing in Plaintiff's Objections serves to create a genuine issue of fact material to his deliberate indifference claims against the remaining Defendants.

Thus, after an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Reports and Recommendations, dkt. nos. 68, 69. The Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Reports and Recommendations as the opinion of the Court. The Court **GRANTS** the unopposed Motions for Summary Judgment filed by Defendants Brooks, Hall, and Juran, dkt. no. 57, and Defendant Gunderson, dkt. no. 60, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and Motion for Appointment of Counsel and **OVERRULES** Plaintiff's Objections. In addition, the Court **DISMISSES as moot** all other pending Motions. The Court **GRANTS** the unopposed Motions for Summary Judgment filed by Defendants Brooks, Hall, and Juran, dkt. no 57, and Defendant Gunderson , dkt. no. 60, **DISMISSES** Plaintiff's Complaint, and **DENIES** Plaintiff *in forma pauperis* status on appeal. The Court **DIRECTS**

AO 72A
(Rev. 8/82)

the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 14 day of March, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)